1  David J. Dow, Bar No. 179407
   ddow@littler.com
2  Kara Adelle Ritter Cole, Bar No. 306515
   kcole@littler.com
3  LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
4  San Diego, CA  92101.3577
   Telephone:  619.232.0441
5  Facsimile:   619.232.4302

6  Attorneys for Defendant
   FMC TECHNOLOGIES SURFACE
7  INTEGRATED SERVICES, INC.

8

9                UNITED STATES DISTRICT COURT

10              EASTERN DISTRICT OF CALIFORNIA

11 CHRISTIAN GARZA,                    | Case No.

12            Plaintiff,               | **NOTICE OF REMOVAL OF
                                       | CIVIL ACTION BY DEFENDANT
13     v.                             | FMC TECHNOLOGIES SURFACE
                                       | INTEGRATED SERVICES, INC.**
14 FMC TECHNOLOGIES SURFACE           |
   INTEGRATED SERVICES, INC.; DOES    |
15 1 through 100 inclusive,           |

16            Defendant.              |

17

18 TO THE UNITED STATES DISTRICT COURT, PLAINTIFF AND HIS ATTORNEY

19 OF RECORD:

20       PLEASE TAKE NOTICE that Defendant FMC TECHNOLOGIES SURFACE

21 INTEGRATED  SERVICES,  INC. ("FMC"  or  "Defendant")  files  this  Notice  of

22 Removal pursuant to 28 U.S.C. sections 1332, 1441(b) and 1446 to effect the removal

23 of the above-captioned civil action, which was commenced in the Superior Court of the

24 State of California for the County of Kern ("Superior Court"). A true and correct copy

25 of this Notice of Removal will be filed contemporaneously with the Clerk of the

26 Superior Court and provided to counsel for Plaintiff in accordance with 28 U.S.C. §

27 1446(d).  *See* Declaration of Kara A. Cole ("Cole Decl.") ¶ 7.  A true and correct copy

28 / / / /

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4890-0866-1513.1 / 042176-1400                    NOTICE OF REMOVAL OF CIVIL ACTION BY
                                                  DEFENDANT

of the Notice to State Court and All Adverse Parties of Removal of Civil Action, without its accompanying exhibits is attached hereto as **Exhibit C**.  *See id.*

The removal of this civil action is proper for all of the reasons stated below.

# I.   PLEADINGS, PROCESSES, AND ORDERS

1.   This lawsuit arises out of Plaintiff Christian Garza's alleged former employment with Defendant FMC Technologies Surface Integrated Services, Inc.

2.   On November 9, 2021, Plaintiff filed a Complaint in the Superior Court of California, County of Kern, entitled *Christian Garza v. FMC Technologies Surface Integrated Services, Inc., DOES 1-100, inclusive*, designated as Case No. BCV-21-102682 (the "Complaint").  The Complaint asserts nine causes of action as follows: (1) Minimum Wage Violations; (2) California Overnight and Doubletime Violations; (3) Violation of California Controlled Standby and/or Report Time Law; (4) Common Count for Work and Labor Performed (Quantum Meruit); (5) California Labor Code section 226 Penalties; (6) California Labor Code sections 201-203 Penalties; (7) Business & Professions Code Violations; (8) Meal Break Violations; and (9) Rest Break Violations.  Cole Decl. ¶ 3.

3.   On December 14, 2021, the registered agent for service of process for Defendant FMC Technologies Surface Integrated Services, Inc. first received the Summons and copies of the Complaint via personal service, including the Summons, Complaint, Civil Case Cover Sheet and Notice of Assignment on behalf of Defendant. Cole Decl. ¶ 4 and **Exhibit A**, attached hereto.  These are the only documents pertaining to this matter that have been served upon Defendant in the matter. Cole Decl. ¶ 6.

4.   On January 13, 2022, Defendant FMC Technologies Surface Integrated Services, Inc. filed an Answer to Plaintiff's Complaint in state court.  Cole Decl. ¶ 5 and **Exhibit B**, attached hereto.

5.   The Complaint names as defendants "DOES 1 through 100, inclusive." Defendant is informed and believes, and on that basis allege, none of the fictitiously named defendants have been served with a copy of the Summons and Complaint.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101-3577
619.232.0441

4890-0866-1513.1 / 042176-1400

2

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT

Therefore, the fictitiously named defendants are not parties to this action and need not consent to removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); 28 U.S.C. § 1441(a).

## II.  VENUE

6.      Pursuant to 28 U.S.C. § 1441(a), removal to this Court is proper insofar as Plaintiff originally filed his Complaint in the Superior Court for the County of Kern, which county is embraced by this district and division.

7.      Pursuant to 28 U.S.C. § 1441(a)-(b), the district courts of the United States have original jurisdiction over this action, and this action may be removed to this Court by Defendant because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## III.  STATEMENT OF JURISDICTION

### A.  There is Complete Diversity of Citizenship Between Plaintiff and Defendants.

#### 1.  Plaintiff is Alleged to be a Citizen of California.

8.      For diversity purposes, an individual is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at time lawsuit is filed).

9.      Plaintiff alleges that, at all relevant times, he "was a resident and domiciled in the County of Kern, State of California.  He is therefore a citizen of the State of California."  **Ex. A**, Pl. Compl. at ¶ 1.  He alleges no intent to leave or relocate from California. As such, for purposes of this removal, Plaintiff was at all relevant times domiciled in California and, upon information and belief, is a citizen of California for diversity purposes. *See Kantor*, 704 F.2d at 1090; *Ehrman v. Cox Communs., Inc.,* 932 F.3d 1223, 1227 (9th Cir. 2019).

/ / / /

/ / / /

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4890-0866-1513.1 / 042176-1400

3

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT

**2.** **Defendant FMC Technologies Surface Integrated Services, Inc. is a Citizen of Colorado and Texas.**

10.     For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where is has its principal place of business." 28 U.S.C. § 1332(c)(1).

11.     To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id.*

12.     FMC Technologies Surface Integrated Services, Inc. is incorporated in the State of Colorado.

13.     Plaintiff alleges FMC Technologies Surface Integrated Services, Inc. is "a Colorado corporation with a principal place of business in Houston, Texas." **Ex. A**, Pl. Compl. at ¶ 2.

14.     From its operational headquarters in Houston, Texas, officers of FMC Technologies Surface Integrated Services, Inc. perform most of the company's executive and administrative functions—directing, coordinating, and controlling the corporation's activities.  Declaration of Stevan Verkin ("Verkin Decl.") ¶¶ 5-6.

15.     FMC Technologies Surface Integrated Services, Inc. is a citizen of Colorado and Texas, and is *not* a citizen of California for purposes of determining diversity of citizenship.

16.     As Plaintiff is a citizen of the State of California, while Defendant is a citizen of the States of Colorado and Texas, complete diversity of citizenship exists between the named parties.

/ / / /

/ / / /

/ / / /

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

4890-0866-1513.1 / 042176-1400

4

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT

### 3. Citizenship of Unserved DOE Defendants is Properly Disregarding for Diversity Purposes.

17.     For purposes of removal, the citizenship of defendants sued under fictitious names should be disregarded, and citizenship of only named defendants should be considered.  28 U.S.C. § 1441(a).

18.     Defendants Does 1 through 100 are fictitious.  The Complaint does not state the identity or status of these fictitious defendants, nor does it state any specific allegation of wrongdoing against any fictitious defendants.  Pursuant to § 1441(a), the citizenship of these fictitious defendants cannot destroy the diversity of citizenship between the parties and should be disregarded.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

### B. The Amount in Controversy Exceeds $75,000.00.

19.     Plaintiff's Complaint does not specify the amount he seeks to recover from Defendant, although the Complaint does specifically alleges "the amount in controversy exceeds $75,000[.]"  **Ex. A**, Pl. Compl., ¶ 2.  As such, the amount in controversy exceeds the jurisdictional requirement for removal of the matter to the above-captioned Court.

20.     Moreover, where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but demands no specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

21.     In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims asserted. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is the amount put "in controversy" by the plaintiff's Complaint, and not how much the defendant will actually

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4890-0866-1513.1 / 042176-1400

5

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT

owe.  *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (citing *Scherer v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 397-99 (2d Cir. 2003) (recognizing the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by plaintiff's complaint)).  In determining the amount in controversy, the Court may consider damages awards in similar cases.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

22.  Although Defendant denies Plaintiff's claims have merit or that he is entitled to any relief whatsoever, were he to prevail on the claims asserted in the Complaint he would be entitled to seek recovery for an amount exceeding the jurisdictional threshold of $75,000.  The amount in controversy based on Plaintiff's Complaint that Plaintiff seeks to recover is therefore over the jurisdictional minimum, exclusive of interest and costs.

23.  Specifically, were Plaintiff to prevail on every claim asserted, the amount in controversy based on the Complaint is at least:

       a.  On-Call Wages: **$159,900.00**, conservatively based on an additional 20-hours of unpaid time each workweek during the statutory period governing Plaintiff's additional claims, Defendant reasonably anticipates Plaintiff will seek not less than November 9, 2017-October 15, 2021 (20 hours/week * $39/hr (OT Rate) * 205 weeks);

       b.  Meal and Rest Period Premiums:  **$31,980.00**, conservatively based on a 50% violation rate in light of Plaintiff's allegation that he worked seven days per week, frequently without meal or rest breaks (3 days/week * 205 weeks * $26/hr premium pay * 2 (one meal and one rest break violation per day);

       c.  Waiting Time Penalties: **$6,240.00** ($26/hr * 8 hrs/day * 30 days);

       d.  Wage Statement Penalties: **$2,400.00**, based on Plaintiff's working bi-weekly pay periods for approximately a one year statutory lookback period; and

/ / / /

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

4890-0866-1513.1 / 042176-1400

6

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT

e.    reasonable attorneys' fees and costs, available by statute.[1]

**C.    Attorneys' Fees**

24.    Plaintiff's Complaint also includes a claim for attorney's fees. *See* **Ex. A**, Pl. Compl. at pp. 18-20 (Prayer for Relief).  Attorneys' fees potentially recoverable by statute also are included in determining the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

25.    Plaintiff's Complaint alleges fees are potentially recoverable under the California Labor Code, including sections 218.5, 218.6, 226, and 1194, and other applicable laws. *See e.g.,* **Ex. A**, Pl. Compl., at pp. 18-20 (Prayer for Relief).  Such fees cannot yet be calculated precisely, but in some single-plaintiff cases fees have exceeded compensatory damage awards.  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages").

26.    An estimate of attorneys' fees for this purpose includes all reasonably anticipated fees over the life of the case.  *Id.*  Recent estimates for the number of hours expended through trial for employment cases have ranged from 100 to 300 hours.  For instance, one court has noted fees may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)."  *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (Birotte, J.) (citations omitted).  Upon information and belief, Defendant anticipates opposing counsel will request substantially higher fees through trial, including expert and related court costs, if Plaintiff prevailed and proved an entitlement to fees as pleaded in the Complaint.

27.    Based on the foregoing, Plaintiff expressly pleads an amount in controversy in excess of $75,000.00, and Defendant plausibly alleges an amount in controversy well in excess of $75,000.00. A preponderance of the evidence

---

[1] In light of the amount in controversy already alleged, Defendant does not numerically derive attorneys' fees and costs for the purposes of this removal.  Nevertheless, these figures may be properly factored into the amount in controversy.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4890-0866-1513.1 / 042176-1400

7

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT

1  demonstrates the amount in controversy exceeds $75,000.00 for purposes of removal
2  based on diversity jurisdiction, exclusive of interest and costs.

3  ## IV.    COMPLIANCE WITH PROCEDURAL REQUIREMENTS

4       28.    As required by 28 U.S.C. § 1446(a), all process, pleadings, and orders
5  served upon Defendant FMC Technologies Surface Integrated Services, Inc. in the state
6  court action are attached to this notice.

7       29.    This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), as it is
8  being filed within thirty days of service of the Complaint on Defendant FMC
9  Technologies Surface Integrated Services, Inc. on December 14, 2021, and within one
10  year after commencement of this action.

11      30.    As required by 28 U.S.C. § 1446(d), Defendant will promptly provide
12  written notice of this Notice of Removal to Karl Gerber, counsel for Plaintiff, and will
13  also promptly file a copy of this Notice of Removal with the Clerk of the Superior Court
14  of the State of California, County of Kern.  *See* **Ex. C**.

15  ## V.    CONCLUSION

16      31.    WHEREFORE, having fulfilled all statutory requirements, Defendant
17  removes this action from the Superior Court of the State of California, County of Kern,
18  to this Court, and requests this Court assume jurisdiction over this matter as provided
19  by law.

20  Dated:  January 13, 2022                    LITTLER MENDELSON, P.C.

21

22                                              /s/ *Kara A. Cole*
23                                              David J. Dow
                                                Kara Adelle Ritter Cole

24                                              Attorneys for Defendant
25                                              FMC TECHNOLOGIES SURFACE
                                                INTEGRATED SERVICES, INC.

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101-3577
619.232.0441

4890-0866-1513.1 / 042176-1400

8

NOTICE OF REMOVAL OF CIVIL ACTION BY
DEFENDANT

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
12/14/2021
CT Log Number 540739146

TO:     Bettina Chavez
        TechnipFMC Plc
        13460 LOCKWOOD RD
        HOUSTON, TX 77044-6444

RE:     **Process Served in California**

FOR:    FMC Technologies Surface Integrated Services, Inc.  (Domestic State: CO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Christian Garza // To: FMC Technologies Surface Integrated Services, Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # BCV21102682 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/14/2021 at 01:56 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Bettina Chavez  bettina.chavez@technipfmc.com |
| | Email Notification,  Erica Silva  erica.silva2@technipfmc.com |
| | Email Notification,  Stephen Ryan  stephen.ryan@technipfmc.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT A
PAGE 10



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                 Tue, Dec 14, 2021

**Server Name:**               Ramiro Saucedo

| | |
|---|---|
| Entity Served | FMC TECHNOLOGIES SURFACE INTEGRATED SERVICES, INC. |
| Case Number | BCV-21-102682 |
| Jurisdiction | CA |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* FMC TECHNOLOGIES SURFACE
INTEGRATED SERVICES, INC.;DOES 1 through 100 inclusive

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
**11/18/2021**
**Kern County Superior Court**
**By Vickie Fogerson, Deputy**

</td></tr>
</table>

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTIAN GARZA

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* Kern County Superior Court

1415 Truxtun Ave., Bakersfield CA 93301

</td><td>

CASE NUMBER:
*(Número del Caso):* **BCV-21-102682**

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Karl Gerber; 166003, Employment Lawyers Group, 13418 Ventura Blvd. Sherman Oaks CA 91423; (818) 783-7300

<table>
<tr><td>DATE:<br>*(Fecha)* 11/18/2021</td><td>TAMARAH HARBER-PICKENS</td><td>Clerk, by<br>*(Secretario)*</td><td>*(signature)*</td><td>Deputy<br>*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

<table>
<tr><td>

[SEAL]

</td><td>

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   FMC Technologies Surface Integrated Services, Inc.
3. ☒ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

</td></tr>
</table>

Page 1 of 1

<table>
<tr><td>

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

</td><td>

**SUMMONS**

</td><td>

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**EXHIBIT A**
**PAGE 12**

</td></tr>
</table>

1   EMPLOYMENT LAWYERS GROUP
    KARL GERBER (SBN 166003)
2   13418 VENTURA BLVD.
    SHERMAN OAKS, CA. 91423
3   TELEPHONE: (818) 783-7300
    FACSIMILE: (818) 995-7159
4

5   ATTORNEY FOR PLAINTIFF, CHRISTIAN GARZA,

* ELECTRONICALLY FILED
11/9/2021 3:02 PM
Kern County Superior Court
By Vickie Fogerson, Deputy

6

7

8                       STATE OF CALIFORNIA

9                    FOR THE COUNTY OF KERN

10

11

12   CHRISTIAN GARZA                    )   CASE NUMBER: BCV-21-102682
                                        )
13              Plaintiff,              )
                                        )   COMPLAINT FOR DAMAGES, AND
14        vs.                           )   DEMAND FOR JURY TRIAL EXCEPT
                                        )   THE 7TH CLAIMS BASED UPON:
15                                      )
                                        )
16   FMC TECHNOLOGIES SURFACE           )   1. MINIMUM WAGE VIOLATIONS;
17   INTEGRATED SERVICES, INC.;         )   2. CALIFORNIA OVERTIME &
     DOES 1 through 100 inclusive       )      DOUBLE TIME VIOLATIONS;
18                                      )   3. VIOLATION OF CALIFORNIA
19              Defendants.             )      CONTROLLED STANDBY
                                        )      AND/OR REPORT TIME LAW;
20                                          4. COMMON COUNT FOR WORK,
                                               AND LABOR PERFORMED
21                                             (QUANTUM MERIUT);
22                                          5. CALIFORNIA LABOR CODE
                                               SECTION 226 PENALTIES;
23                                          6. CALIFORNIA LABOR CODE
24                                             SECTION 201-203 PENALTIES;
25                                          7. BUSINESS & PROFESSIONS
                                               CODE VIOLATIONS
26                                          8. MEAL BREAK VIOLATIONS
27                                          9. REST BREAK VIOLATIONS
28

                                    1
                              COMPLAINT

Plaintiff, CHRISTIAN GARZA complains and allege as follows:

### GENERAL ALLEGATIONS
### (AGAINST ALL DEFENDANTS)

1. At all times herein mentioned Plaintiff, CHRISTIAN GARZA was and is a resident and domiciled in the County of Kern, State of California. He is therefore a citizen of the State of California. He is not domiciled in Texas or Colorado.

2. At all times herein mentioned, Defendant, FMC TECHNOLOGIES SURFACE INTEGRATED SERVICES, INC. also known as FMC TECHNOLOGIES SURFACE INTEGRATED SVCS has been a Colorado corporation with a principal place of business in Houston, Texas and employed Plaintiff out of 1017 Carrier Parkway, Bakersfield, CA 93308. Because the Defendant is a foreign corporation, Plaintiff is a California resident, domiciled in California, the amount in controversy exceeds $75,000, there is diversity and had Plaintiff not filed this case in Federal Court the Defendant would remove this case to the Eastern District as they did in Case No. 20-CV-00901-NONE-JLT before Magistrate Thurston alleging the same theories by Garza. Loria v. FMC TECHNOLOGIES SURFACE INTEGRATED SERVICES, INC. 1:21-cv01142-NONE-JTL is also by a former coworker of Plaintiff and is pending before the Eastern District of California.

3. Plaintiff is ignorant of the true names and capacities, whether individual,

2
[COMPLAINT]

EXHIBIT A
PAGE 14

corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names. Upon discovering the true names and capacities of these fictitiously named Defendants, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

4. Plaintiff worked for Defendant as a service technician out of their Bakersfield California location described in Paragraph 2 from approximately January of 2015 until his employment ended on or about October 15, 2021. He was paid hourly, and treated as nonexempt.

5. When Plaintiff was not on the approximate 8 AM to 5 PM schedule he was on call at all times and days during the week. When on-call he had to answer his phone and leave to Defendant's shop almost immediately. From the shop a work vehicle would be loaded and Plaintiff would go onto oil fields with other employees of Defendant to make repairs.

6. Besides having to be at the shop almost immediately when called into work there was a limited amount of time to get to a customer. Besides Defendant promising customers certain response times customers would start calling and demanding Plaintiff be there immediately, or ask where he was because they were waiting. Many of the locations Plaintiff was dispatched to took over 1 hour to get to, some more like two hours. The fact there was a drive created even less time to get to the location.

EXHIBIT A
PAGE 15

7. When dispatched for a job after hours it was not permissible to try to find a replacement. In addition, there were many times there were not replacements due to there being approximately four other people doing Plaintiff's job, another crew might be working elsewhere and/or Plaintiff and others were called out to specific jobs due to their particular expertise which might make them less suitable for other call-out jobs and more suitable for the jobs they were called out to do.

8. Plaintiff was not paid for the time he spent waiting to be called into work notwithstanding he was supposed to answer his phone immediately when called for work, and report into the shop immediately.

9. Unless otherwise allege in this complaint, the Plaintiff is informed, and on the basis of that information and belief allege that at all times herein mentioned, each of the remaining codefendant, in doing the things hereinafter alleged, were acting within the course, scope, and under the authority of their agency, employment, or representative capacity, with the consent of her/his codefendant.

10. All of the foregoing and following actions taken towards the Plaintiff that are alleged in this complaint were carried out by managerial employees and agents of each other acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage the Plaintiff.

4

## FIRST CLAIM
## MINIMUM WAGE VIOLATIONS
## (AGAINST ALL NAMED DEFENDANTS AND ALL DOE DEFENDANTS)

11. Plaintiff realleges the information set forth in Paragraphs 1-10 and incorporates those paragraphs as though fully stated in this claim.

12. Plaintiff was not paid any wages for being on restricted on-call/standby. Due to the restricted nature of Plaintiff's life and the time on call primarily benefitting Defendant when Plaintiff was not being paid, California Labor Code Section 1194 was violated by not paying Plaintiff minimum wage to wait and be available for the calls. In addition, Plaintiff was not paid any wage for every time he answered a work phone call when on-call when he was not on the clock. Sanchez v. Martinez, 54 Cal.App.5th 535 (2020) held employees can elect recovery under California Labor Code Section 226.7 or for their actual time worked through a meal break under California Labor Code Section 1194. Plaintiff therefore pleads in the alternative that the meal breaks he was prevented from taking should be paid out as minimum wage under California Labor Code Section 1194.

13. Plaintiff prays for relief under California Labor Code Sections 1194 and 1194.2 including liquidated damages to pay Plaintiff minimum wage for all hours on call and worked, attorney fees, and costs. Plaintiff also prays for California Labor Code Section 1197.1 civil penalties of $250.00 per pay period when was not

5

paid minimum wage for each hour worked. The value of this claim without attorney fees is close to $75,000.

## SECOND CLAIM
## OVERTIME & DOUBLE TIME VIOLATIONS
## (AGAINST ALL NAMED DEFENDANTS AND ALL DOE DEFENDANTS)

14. Plaintiff realleges the information set forth in Paragraphs 1-10, Paragraphs 11-13 of the First Claim, and incorporate those paragraphs as though fully stated in this claim.

15. Based upon the number of hours Plaintiff worked in a day and/or was waiting to be called to work which primarily benefitted Defendant, Plaintiff is entitled to overtime and double time for many of the hours Plaintiff was on restricted on-call. Moreover, being on call 24 hours a day caused the hours Plaintiff was paid for as part of a 40-hour 8-hour a day work week to be overtime and double time hours. Plaintiff is also entitled to overtime and double time for working on the 7th consecutive day without a day off which did occur. Accordingly, California Labor Code Sections 1194 requires the Plaintiff to receive overtime and double time, and so does California Labor Code Section 510. Defendant also failed to pay the correct rate of pay for overtime and double time. They provided fixed rate bonuses. At this time before discovery Plaintiff alleges there was a fixed rate bonus of approximately $23 for being in the field 3 hours or less, and another that was approximately $46 for being in the field more

6

EXHIBIT A
PAGE 18

than 3 hours for the day. Whatever sums were paid for fixed rate bonuses were not figured into overtime or double time pay as required by law. Sanchez v. Martinez, 54 Cal.App.5th 535 (2020) held employees can elect recovery under California Labor Code Section 226.7, or for their actual time worked through a meal break under California Labor Code Section 1194. Plaintiff therefore pleads in the alternative that the meal breaks was prevented from taking should be paid out as minimum wage and/or overtime under California Labor Code Section 1194.

16. Plaintiff prays for relief under California Labor Code Section 1194 including unpaid overtime, double time, attorney fees, and costs. The value of this claim without attorney fees could be $1,000,000.

### THIRD CLAIM
### VIOLATION OF CALIFORNIA CONTROLLED STANDBY AND/OR REPORT TIME LAW
### (AGAINST ALL NAMED DEFENDANTS AND ALL DOE DEFENDANTS)

17. Plaintiff realleges the information set forth in Paragraphs 1-10, Paragraphs 11-13 of the First Claim, Paragraphs 14-16 of the Second Claim, and incorporate those paragraphs as though fully stated in this claim.

18. California law recognizes the concept of controlled standby being compensable pay. The 2002 Division of Labor Standards Enforcement Polices

7

and Interpretations Manual Section 46.6.3 defines time spent waiting as hours in

which employees must merely wait for something to happen, and specifies these

hours constitute hours worked. Section 46.6.3 cites to Madera v. City of Madera,

36 Cal.3d 403 (1984); Armour v. Wantock, 323 U.S. 126 (1944); Skidmore v.

Swift, 323 U.S. 134 (1944). Section 47.5.1. of the manual indicates on-call time

must be paid at least minimum wage unless there is an agreement to pay another

rate which does not fall below minimum wage. Section 47.5 of the manual relies

on Owens v. Local, 971 F.2d 347, 354 (9th Cir. 1992) as to what factors are

considered in determining whether standby is controlled thereby subjecting the

employer to payment to the employee for the time spent on call which include

the inability to reject calls, consequences for refusing a call or expressing an

unwillingness to take the call, the promptness of the call. Section 47.5.6.1 states

essentially the same. A number of California cases including Seymore v. Melton,

194 Cal.App.4th 361 (2011), and Mendiola v. CPS Security, 60 Cal.4th 833

(2015), Tilly's essentially adopt these positions in the Enforcement Manual and

the authorities cited above in this paragraph. Other California bases of authority

for on call time being compensable include Title VIII of the California Code of

Regulations Section 11160(2)(J), and California law recognizes the concept of

controlled standby being compensable pay. The 2002 Division of Labor

Standards Enforcement Polices and Interpretations Manual Section 46.6.3

defines time spent waiting as hours in which employees must merely wait for

8

COMPLAINT

something to happen, and specifies these hours constitute hours worked. Section

46.6.3 cites to Madera v. City of Madera, 36 Cal.3d 403 (1984); Armour v.

Wantock, 323 U.S. 126 (1944); Skidmore v. Swift, 323 U.S. 134 (1944). Section

47.5.1. of the manual indicates on-call time must be paid at least minimum wage

unless there is an agreement to pay another rate which does not fall below

minimum wage. Section 47.5 of the manual relies on Owens v. Local, 971 F.2d

347, 354 (9th Cir. 1992) as to what factors are considered in determining

whether standby is controlled thereby subjecting the employer to payment to the

employee for the time spent on call which are the largely discipline or adverse

consequences for failing to take a call, a mandatory requirement a call be taken,

and an urgency in which a call must be answered which leads to geographic

restrictions. Section 47.5.6.1 states essentially the same. Other California bases

of authority for on call time being compensable include Title VIII of the

California Code of Regulations Section 11160(2)(J) states time worked includes

all time the employee is subject to the control of an employer, and includes all

the time the employee is suffered or permitted to work, whether or not required

to do so as well as all of the Wage Order and Codes of regulations specify the

same to the extent to which any of Plaintiff's work could be considered to fall

under those Wage Orders) contains which defines hours worked to be the time

which the employee is subject to control of the employer including time suffered

or permitted to work whether or not required to do so.

9

COMPLAINT

19. In the alternative or in addition, if allowed, Plaintiff contends he is entitled to Reporting Time Pay which means the employee reports to work and is not put to work. California Code of Regulations Title VIII Section 11160(5) requires reporting time pay to be paid of at least 4 hours per work day for reporting in when on-call which includes time spent answering the phone and communicating with Defendant, and Industrial Welfare Commission Order No 16-2001(5) states the same. If there are reports in while on-call less than half of Plaintiff's normally scheduled hours, or 4, Plaintiff prays for his regular hourly wages to make the call-in or call at home equal to half of his normal hourly wages. In addition, every hour of controlled standby must be paid at minimum wage and potential overtime and double time. Plaintiff prays for relief under these reporting time pay theories including penalties under Section 20 of 11160 which are $50 for the first violation and $100 for each subsequent violation.

20. Under this Claim Plaintiff prays for all relief available under the authorities pled in this Claim in order to compensate Plaintiff for what California recognizes as controlled standby and/or reporting time pay. This includes, but is not limited to, attorney fees under California Labor Code Section 218.5, interest under 218.6, and attorney fees under California Labor Code Section 1194. The value of this claim without attorney fees could be $1,000,000.

EXHIBIT A
PAGE 22

## FOURTH CLAIM
## COMMON COUNT FOR WORK AND LABOR PERFORMED
## (QUANTUM MERIUT)
## (AGAINST ALL NAMED DEFENDANTS AND ALL DOE
## DEFENDANTS)

21. Plaintiff realleges the information set forth in Paragraphs 1-10, Paragraphs 11-13 of the First Claim, Paragraphs 14-16 of the Second Claim, Paragraphs 17-20 of the Third Claim, and incorporate those paragraphs as though fully stated in this claim.

22. Plaintiff was not fully paid for all of Plaintiff's efforts at Defendant. These efforts include having to make himself available for work on a moment's notice, twenty-four hours a day when on-call. The manner in which Plaintiff had to be available twenty-four hours a day constitutes compensable time under the theory of controlled standby/on call. Although the Plaintiff's life was severely restricted as pled earlier in this complaint, Plaintiff were not paid any compensation for having to make himself available for work twenty-four hours a day. This arrangement allowed Defendant to avoid paying considerable wages it would cost to have Plaintiff wait at the shop ready to work, and additional crews for additional shifts 24/7. Defendant tied up Plaintiff's life not allowing Plaintiff to work elsewhere, travel outside of the geography of the shop, further Plaintiff's education, engage in chosen activities, or do anything that required commitment and focus while they were just waiting for an on-call work assignment. Plaintiff also performed hours of

11

1   work on the phone he was not paid for.

2        23. Plaintiff prays to be compensated for the reasonable value of his services

3   and for the work and labor Plaintiff performed at the actual rate per hour he agreed

4   to work and the accompanying overtime and double time rates if they applied, but

5   Plaintiff was not paid for every hour worked and not paid including time spent

6   waiting to be called into work while on-call. The value of this claim without

7   attorney fees could be $1,000,000.

8

9

10

11

12

13

14

15

16        **FIFTH CLAIM**
     **CALIFORNIA LABOR CODE SECTION 226 PENALTIES**
     **(AGAINST ALL NAMED DEFENDANTS AND ALL DOE**
     **DEFENDANTS)**

17        24. Plaintiff realleges the information set forth in Paragraphs 1-10,

18   Paragraphs 11-13 of the First Claim, Paragraphs 14-16 fo the Second Claim,

19   Paragraphs 17-20 of the Third Claim, Paragraphs 21-23 of the Fourth Claim, and

20   incorporates those paragraphs as though fully stated in this claim.

21        25. Defendant violated California Labor Code Section 226 by failing to

22   indicate the correct number of hours Plaintiff worked on each paystub because

23   restricted on-call and standby pay was not enumerated in terms of hours worked or

24   hourly rate. Nor were the times Plaintiff fielded calls at home reflected on the

25   paystub. The rates of pay were all wrong. The number of hours reported were

26   wrong for straight time, overtime, and double time. None of the computations

27

28

12

1  included time spent waiting to be called into work or time spent on the phone

2  before coming into Defendant's shop. All of the computations about hourly rates

3
   and overtime were wrong due to the time spent on-call and/or at home fielding
4

5  calls. The checks also failed to indicate the rate of pay for overtime and double

6
   time. This failure may have been intentional because fix rated bonuses were not
7

8  calculated into overtime and double time rates.

9
       26. Plaintiff prays for statutory California Labor Code Section 226(e)
10

11  damages of $50.00 for the first violation and $100.00 for each subsequent

12  violation.

13
       27. Plaintiffs prays for injunctive relief under California Labor Code Section
14

15  226(h) as well as attorney fees and costs in doing so.

16
       28. Plaintiff prays for attorney fees and costs under California Labor Code
17

18  Section 218.5 and interest under 218.6.

19

20

21                        SIXTH CLAIM
                CALIFORNIA LABOR CODE SECTION 201-203 PENALTY
22             (AGAINST DEFENDANT FMC AND ALL DOE DEFENDANTS)

23

24       29. Plaintiff realleges the information set forth in Paragraphs 1-10,

25  Paragraphs 11-13 of the First Claim, Paragraphs 14-16 of the Second Claim,

26  Paragraphs 17-20 of the Third Claim, Paragraphs 21-23 of the Fourth Claim,

27

28  Paragraphs 24-28 of the Fifth Claim, and incorporates those paragraphs as though

EXHIBIT A
PAGE 25

1    fully stated in this claim.

2        30. Plaintiff was not paid all due wages within 72 hours of his resignation.
3
4    Plaintiff is owed minimum wages, overtime and double time pay as stated in the
5
    First and Second Claims and pay under the Third Claim for Controlled Standby.
6
7    Plaintiff prays for California Labor Code Section 203 penalties due to violations of
8    California Labor Code Section 201 and 202.
9
        31. Plaintiff further prays attorney fees and costs under California Labor
10
11   Code Section 218.5 and interest under California Labor Code Section 218.6.

12                              **SEVENTH CLAIM**
13               **BUSINESS & PROFESSIONS CODE VIOLATIONS**
                 **(AGAINST DEFENDANT FMC AND ALL DOE DEFENDANTS)**
14

15
        32. Plaintiff realleges the information set forth in Paragraphs 1-10,
16
17   Paragraphs 11-13 of the First Claim, Paragraphs 14-16 to the Second Claim,

18   Paragraphs 17-20 of the Third Claim, Paragraphs 21-23 of the Fourth Claim,
19
20   Paragraphs 24-28 of the Fifth Claim, Paragraph 29-31 of the Sixth Claim, and

21   incorporate those paragraphs as though fully stated in this claim.

22
        33. Defendant violated California Business and Professions Code Section
23
24   17200 by violating the laws and statutes alleged in all claims other than common

25   counts. These statutes are required of California employers. By violating these

26   statutes Defendant saved millions of dollars a year in labor costs while violating the
27
28   California Labor laws pled in this lawsuit. These practices allowed Defendant to

EXHIBIT A
PAGE 26

underbid and undercut as well as to promise services they could not render when their competitors who complied with California Labor laws by providing 24 hour a day coverage opposed to making their employees sit at home waiting to be called into work when not compensated for that. It was also unfair, deceptive, and fraudulent not to pay Plaintiff for all hours worked, and to fail to pay Plaintiffs overtime and double time rates due under California law. Defendant also failed to pay meal and rest break premiums or provide uninterrupted meal and rest breaks in violation of the statutory rights enumerated in the 8th and 9th Causes of Action. Plaintiff was prevented from taking meal and rest breaks, particularly when in the field.

34. Plaintiff prays that California Business and Professions Code Section 17202 be utilized to enforce the labor laws specified in all causes of action and require Defendant to pay Plaintiffs for all unpaid wages due at his regular agreed to hourly rates, all overtime, double time, and if not at minimum wage with allowances for overtime, and double time.

35. Plaintiff further prays that California Business and Professions Code Section 17203 be utilized to enjoin Defendant from further engaging in the unlawful and unfair business practices specified in this Claim.

36. Under this Claim, Plaintiff also prays that equitable relief be given including disgorgement of Defendant's profits, the payment to Plaintiff of all money earned by Defendant while violating the California Labor Code Sections

15

specified in this lawsuit, restitutionary relief and all remedies under this Claim going back four years from the filing of this lawsuit. Plaintiff further prays for equitable relief in Defendant being responsible for a judgment that pays Plaintiff for unpaid wages based upon Plaintiff's actual agreed hourly wages opposed to minimum wage and then overtime and double time based upon minimum wage. The value of this claim could exceed $1,000,000.

## EIGHTH CLAIM

## FOR MEAL BREAK VIOLATIONS

## (AGAINST DEFENDANT AND ALL DOE DEFENDANTS)

37. Plaintiff realleges the information set forth in Paragraphs 1-10, Paragraphs 11-13 of the First Claim, Paragraphs 14-16 fo the Second Claim, Paragraphs 17-20 of the Third Claim, Paragraphs 21-23 of the Fourth Claim, Paragraphs 24-28 of the Fifth Claim, Paragraph 29-31 of the Sixth Claim, Paragraphs 32-36 of the Seventh Claim, and incorporates those paragraphs as though fully stated in this claim.

38. California Labor Code Section 512 specifies when employees are to get meal breaks . California Labor Code Section 226.7 sets forth the penalty scheme which the Murphy Court has interpreted to be a wage. California Labor Code Section 516 further allows the Industrial Welfare Commission to make orders about

EXHIBIT A
PAGE 28

breaks and meal periods.

39. Under California Labor Code Section 226.7, Plaintiff prays for one hour of pay for each uninterrupted 30 minute meal break he was prevented from taking because he was prevented from taking a 30 minute uninterrupted meal breaks before his fifth hour or work, and his second through fourth if he worked more than ten hour shifts, up to 24 hour shifts.

## NINTH CLAIM

## FOR REST BREAK VIOLATIONS

## (AGAINST DEFENDANT AND ALL DOE DEFENDANTS)

40. Plaintiff realleges the information set forth in Paragraphs 1-10, Paragraphs 11-13 of the First Claim, Paragraphs 14-16 to the Second Claim, Paragraphs 17-20 of the Third Claim, Paragraphs 21-23 of the Fourth Claim, Paragraphs 24-28 of the Fifth Claim, Paragraph 29-31 of the Sixth Claim, Paragraphs 32-36 of the Seventh Claim, Paragraphs 37-39 of the Eighth Claim, and incorporates those paragraphs as though fully stated in this claim.

41. California Labor Code Section 516 allows the Industrial Welfare Commission to make orders about rest breaks and meal periods. Title 8 of the California Code of Regulations Section 11060(11) requires rest breaks be given every 3.5 to 4 hours, for 10 minutes. Plaintiff was prevented from taking a 10

17

minute uninterrupted rest break every 3.5 or 4 hours. Plaintiff alleges he was prevented from taking numerous rest breaks every week.

WHEREFORE, the Plaintiff pray for all costs of suit and for a jury to make determinations about Defendant's liability for all claims other than the Seventh for which the Court shall provide all equitable relief available including discouragement, restitution, and injunctive relief.

For All Claims:

1. For all costs and disbursements incurred in this suit;

2. For such other and further relief as the Court deems just and proper;

3. For interest including prejudgment interest and statutory interest where allowed based upon the Claim pled;

For the First Claim:

4. For all unpaid minimum wages due as well as liquidated damages under California Labor Code Section 1194.2 and 1197.1 and California Labor Code;

5. Attorney fees and costs under California Labor Code Section 1194;

EXHIBIT A
PAGE 30

For the Second Claim

6. All overtime and double time compensation due under California Labor Code Section 1194 as well as all overtime and double time compensation provided by California Labor Code Section 510; and California Labor Code Section 558 penalties due to overtime and double time violations;

7. Attorney fees and costs under California Labor Code Section 1194;

For the Third Claim

8. For all available damages and penalties allowed for California controlled standby and/or reporting time;

9. Attorney fees and costs under California Labor Code Section 218.5 and interest under Section 218.6;

For the Fourth Claim

10. The reasonable value of the Plaintiff's services not compensated for;

///

EXHIBIT A
PAGE 31

For the Fifth Claim

11. For California Labor Code Section 226 penalties up to $4,000;

12. For injunctive Relief;

13. For attorney fees under California Labor Code Sections 226 and 218.5 as, well as interest under California Labor Code Section 218.6;

For the Sixth Claim

14. For Labor Code Section 203 penalties equal to up to 30 days of all wages and benefits for each day all wages were not paid as required by California Labor Code Sections 201-203;

15. Attorney fees and costs under California Labor Code Section 218.5 and, interest under Section 218.6;

For the Seventh Claim

16. For all equitable relief available including injunctive relief

////

For the Eighth and Ninth Claims:

EXHIBIT A
PAGE 32

1
2
3          17. For one hour of pay for all missed meal and rest breaks under California
4      Labor Code Section 226.7 at the correct rate of pay.
5
6      Dated: November 1, 2021                    EMPLOYMENT LAWYERS GROUP
7
8                                             /s
9                                          KARL GERBER,
10                                         ATTORNEY FOR PLAINTIFF,
                                           CHRISTIAN GARZA
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A
PAGE 33

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Karl Gerber SBN 166003 Ann Guleser SBN 210790<br>Employment Lawyers Group<br>13418 Ventura Boulevard<br>Sherman Oaks, CA 91423<br>TELEPHONE NO.: 818-783-7300    FAX NO.: 818-995-7159<br>ATTORNEY FOR (Name): CHRISTIAN GARZA | **ELECTRONICALLY FILED**<br>**11/9/2021 3:02 PM**<br>**Kern County Superior Court**<br>**By Vickie Fogerson, Deputy** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 1415 Truxtun Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Bakersfield 93301
BRANCH NAME: Kern County Superior Court

CASE NAME:
CHRISTIAN GARZA V. FMC TECHNOLOGIES SURFACE

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BCV-21-102682 |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount    (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (08)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action (specify): (9) NINE
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 11/2/2021
Karl Gerber
_____
(TYPE OR PRINT NAME)       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**     Page 2 of 2

**EXHIBIT A
PAGE 35**



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF KERN**
**BAKERSFIELD COURT**
**1415 TRUXTUN AVENUE**
**BAKERSFIELD CA 93301**

*FOR COURT USE ONLY*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

NOVEMBER 18, 2021
BY *Vickie Fogerson* DEPUTY

PLAINTIFF/PETITIONER:
  CHRISTIAN GARZA
DEFENDANT/RESPONDENT:
  FMC TECHNOLOGIES SURFACE INTEGRATED SERVICES, INC.

NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
BCV-21-102682

By order of the presiding judge, the above entitled case is assigned to the Honorable J. Eric Bradshaw for all purposes. It will be managed on the direct calendar program in Bakersfield Division J until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6. Please include the initials **JEB** after the case number on all future pleadings filed in this case.

**Bakersfield Hearing Locations:**
Departments 1 through 18 are located at 1415 Truxtun Avenue, Bakersfield, CA 93301
Divisions A through L are located at 1215 Truxtun Avenue, Bakersfield, CA 93301

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **March 03, 2022** in **Bakersfield Division J** at **8:30 AM** to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110. All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable J. Eric Bradshaw on **May 17, 2022** at **8:30 AM** in **Bakersfield Division J**. Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730. All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.

### NOTICE TO PLAINTIFF'S COUNSEL
**IMPORTANT:** You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form (California Rules of Court, Rule 3.221).

### NOTICE TO CROSS COMPLAINANT'S COUNSEL
**IMPORTANT:** If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.

Date: November 18, 2021

TAMARAH HARBER-PICKENS
CLERK OF THE SUPERIOR COURT

By: *Vickie Fogerson* Signed: 11/18/2021 9:47:16 AM
Vickie Fogerson, Deputy Clerk

Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

Page 1 of 4

GARZA VS FMC TECHNOLOGIES SURFACE INTEGRATED SERVICES, INC.
BCV-21-102682

The Clerk of the Superior Court's office has received a civil complaint from you for filing. Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable J. Eric Bradshaw as monitoring judge.

Judge J. Eric Bradshaw has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Division J. This will involve all cases in which the clerk has assigned the initials JEB to the complaint at the time of filing. Counsel is expected to make the initials of the monitoring judge a part of the case number on all pleadings and papers.

Law & Motion and Ex-Parte hearing dates must be pre-cleared by contacting the Direct Calendaring Clerk at (661) 868-7204. Tentative rulings can be located by visiting "http://www.kern.courts.ca.gov/", after 4:00 pm. Click on the Non-Criminal Case Information link to enter the case number. Please note, not all departments provide tentative rulings.

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint. This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named. The notice must also be served on interveners and lien claimants.

Telephonic appearances for case management conferences and law and motion hearings are available through Court Call. The toll free telephone number for Court Call is (888) 88-COURT. Proper procedures must be complied with under California Rules of Court, Rule 3.670. Arrangements to make appearances through Court Call must be made at least five (5) court days prior to the hearing date.

Another judge will hear settlement conferences in cases assigned to Judge J. Eric Bradshaw. However, those cases that do not settle will be set for trial before him/her.

Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

Page **2** of **4**

**EXHIBIT A**
**PAGE 37**

GARZA VS FMC TECHNOLOGIES SURFACE INTEGRATED SERVICES, INC.
BCV-21-102682

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF KERN**
**SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES**

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference statement providing the Court with the following information:

1. The "at-issue" status of the case including any new parties that may be contemplated;
2. A brief statement of the type of case and the general facts or contentions;
3. A description of the discovery done to date and that contemplated to be done;
4. Estimated time for trial and whether a jury is demanded;
5. Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;
6. An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;
7. If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;
8. A statement of any settlement negotiations undertaken thus far;
9. The name of the attorney primary responsible for the case on behalf of the party filing the statement.

More than one party may join in the filing of a single statement.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case. The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1. The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;
2. Discovery conducted and remaining to be done;
3. Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.
4. Delineation of issues including stipulation of facts not in substantial controversy;
5. Settlement prospects;
6. Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;
7. Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

GARZA VS FMC TECHNOLOGIES SURFACE INTEGRATED SERVICES, INC.
BCV-21-102682

### CERTIFICATE OF POSTING

The undersigned, of said Kern County, certify: That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the *Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference* attached hereto on all interested parties and any respective counsel of record in the within action by posting true copies thereof, to the Superior Court of California, County of Kern, Non-Criminal Case Information Portal (https://odyprodportal.kern.courts.ca.gov/portalprod).

Date of Posting:        November 18, 2021

Place of Posting:       Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**TAMARAH HARBER-PICKENS**
CLERK OF THE SUPERIOR COURT

Date: November 18, 2021

By:     *Vickie M____*
Signed: 11/18/2021 9:47:17 AM
Vickie Fogerson, Deputy Clerk

Certificate of Posting - Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

Page 4 of 4

**EXHIBIT A
PAGE 39**

# EXHIBIT B

1  David J. Dow, Bar No. 179407
   ddow@littler.com
2  Kara Adelle Ritter Cole, Bar No. 306515
   kcole@littler.com
3  LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
4  San Diego, CA 92101.3577
   Telephone:   619.232.0441
5  Facsimile:   619.232.4302

6  Attorneys for Defendant
   FMC TECHNOLOGIES SURFACE INTEGRATED
7  SERVICES, INC.

ELECTRONICALLY FILED
1/13/2022 11:16 AM
Kern County Superior Court
By Vanesa Jackson, Deputy

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          COUNTY OF KERN

11 CHRISTIAN GARZA,                      Case No. BCV-21-102682

12            Plaintiff,                 ASSIGNED FOR ALL PURPOSES TO
                                         JUDGE J. ERIC BRADSHAW, DIV. J
13       v.
                                         **DEFENDANT'S ANSWER TO
14 FMC TECHNOLOGIES SURFACE             COMPLAINT**
   INTEGRATED SERVICES, INC.; DOES 1
15 through 100 inclusive,                Trial Date:  None Set
                                         Complaint Filed:  November 9, 2021
16            Defendants.

17

18      Defendant FMC TECHNOLOGIES SURFACE INTEGRATED SERVICES, INC.

19 ("Defendant"), by and through its attorneys, Littler Mendelson, P.C., answer the unverified

20 Complaint of Plaintiff CHRISTIAN GARZA ("Plaintiff") as follows:

21                          **GENERAL DENIAL**

22      Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendant

23 denies generally and specifically, conjunctively, and disjunctively, each and every allegation of the

24 Complaint, and deny Plaintiff has sustained, or will, sustain any loss or damage in the manner or

25 amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence

26 thereof on the part of Defendant.  Without conceding that it has the burden of proof or persuasion,

27 Defendant also asserts the following separate and distinct affirmative defenses to the Complaint

28 and each and every alleged cause of action stated therein:

4872-4161-4089.1 / 042176-1400

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

**EXHIBIT B
PAGE 41**

DEFENDANT'S ANSWER TO COMPLAINT

**AFFIRMATIVE DEFENSES**

In further answer to the Complaint, Defendant alleges the following affirmative and other defenses.  In asserting these defenses, Defendant does not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove:

**FIRST AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges the Complaint and each cause of action alleged therein fails to state facts sufficient to constitute a cause of action upon which relief can be granted and/or fails to allege the underlying purported Labor Code violations with sufficient specificity.

**SECOND AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges Plaintiff has failed, refused and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

**THIRD AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges all or portions of the claims set forth in the Complaint are barred by the doctrines of estoppel, waiver, laches, or unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges the Complaint and each cause of action set forth therein, or some of them, are barred by the applicable statutes of limitations, including but not limited to California Labor Code section 200, *et seq.* and California Code of Civil Procedure sections 337, 338, 339, 340, 343, and California Business and Professions Code section 16750.1 and 17208.

**FIFTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges the Complaint and each cause of action set forth therein, or some of them, are barred because, even assuming *arguendo* that Defendant or its employees engaged in any of the acts alleged in the Complaint, such actions were committed outside the course and scope of such employees' employment, were not authorized,

/ / / /

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

4872-4161-4089.1 / 042176-1400

2

**EXHIBIT B**
**PAGE 42**

DEFENDANT'S ANSWER TO COMPLAINT

1  adopted or ratified by Defendant, and/or Defendant did not know, nor should it have known, of

2  such conduct.

3  ### SIXTH AFFIRMATIVE DEFENSE

4  As a separate and distinct affirmative defense, Defendant alleges each purported cause of

5  action in the Complaint, or some of the causes of action, are barred, or recovery should be reduced,

6  pursuant to the doctrine of avoidable consequences.

7  ### SEVENTH AFFIRMATIVE DEFENSE

8  As a separate and distinct affirmative defense, Defendant alleges the Complaint and each

9  cause of action set forth therein cannot be maintained because, without admitting any violation

10  actually occurred, Defendant alleges any purported violations of the California Labor Code or of a

11  Wage Order of the Industrial Welfare Commission resulted from an act or omission made in good

12  faith and Defendant had reasonable grounds for believing any such the act or omission was not a

13  violation of the California Labor Code or any Wage Order of the Industrial Welfare Commission,

14  making the imposition of damages and/or penalties unjust.

15  ### EIGHTH AFFIRMATIVE DEFENSE

16  As a separate and distinct affirmative defense, Defendant alleges the Complaint and each

17  cause of action set forth therein are barred because Plaintiff failed to timely and completely exhaust

18  the requisite administrative remedies, statutory, and/or contractual remedies available to him prior

19  to commencing this action.

20  ### NINTH AFFIRMATIVE DEFENSE

21  As a separate and distinct affirmative defense, Defendant alleges to the extent that Plaintiff

22  claim penalties, such claims must comport with the due process requirements of *State Farm v.*

23  *Campbell*, 538 U.S. 408 (2003).

24  ### TENTH AFFIRMATIVE DEFENSE

25  As a separate and distinct affirmative defense, Defendant alleges that assuming *arguendo*

26  Plaintiff was not provided with a proper itemized statement of wages and deductions, Plaintiff is

27  not entitled to recover damages or penalties because Defendant's alleged failure was not knowing

28  and intentional nor was it willful.

4872-4161-4089.1 / 042176-1400

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

3

DEFENDANT'S ANSWER TO COMPLAINT

EXHIBIT B
PAGE 43

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint and each cause of action set forth therein, or some of them, are barred because all or a portion of the wages, overtime premiums, interest, attorneys' fees, penalties and/or other relief sought by Plaintiff was, or will be before the conclusion of this action, paid or collected, and therefore, Plaintiff's claims have been partially or completely discharged and rendered moot.

### TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine of accord and satisfaction, to the extent that Plaintiff has received, or will receive, compensation for any outstanding wages, penalties, and/or damages purportedly due.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint, and each cause of action in the Complaint, or some of them, are barred because the Wage Orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States and California Constitutions to, among other things, due process of law.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff is not entitled to equitable relief insofar as he has adequate remedies at law.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint and each cause of action set forth therein, or some of them, are barred because, assuming *arguendo* Plaintiff is due additional compensation, such alleged violations, if any, are *de minimis*.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint and each cause of action set forth therein, or some of them, are barred because there is a *bona fide* dispute as

/ / / /

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

4872-4161-4089.1 / 042176-1400

4

EXHIBIT B
PAGE 44

DEFENDANT'S ANSWER TO COMPLAINT

1  to whether further compensation is actually due and owing to the Plaintiff and, if such compensation

2  is due, as to the amount of such further compensation ostensibly due and owing.

3  ### SEVENTEENTH AFFIRMATIVE DEFENSE

4  As a separate and distinct affirmative defense, Defendant alleges, assuming *arguendo* that

5  Plaintiff is entitled to additional compensation, Defendant has not willfully or intentionally failed

6  to pay any such additional compensation to Plaintiff to justify any awards of penalties or fees.

7  ### EIGHTEENTH AFFIRMATIVE DEFENSE

8  As a separate and distinct affirmative defense, Defendant alleges the Complaint and each

9  purported cause of action therein are barred in whole or in part because any recovery by Plaintiff

10  must be offset by any benefits and/or other monies he has received.

11  ### NINETEENTH AFFIRMATIVE DEFENSE

12  As a separate and distinct affirmative defense, Defendant alleges Plaintiff's Complaint, or

13  some of the claims therein, fail to state a claim upon which prejudgment interest may be awarded,

14  as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

15  ### TWENTIETH AFFIRMATIVE DEFENSE

16  As a separate and distinct affirmative defense, Defendant alleges the Complaint and each

17  cause of action set forth therein cannot be maintained against Defendant because Plaintiff secreted

18  or absented himself to avoid payment of wages and/or refused payment fully tendered to him by

19  Defendant.

20  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

21  As a separate and distinct affirmative defense, Defendant alleges Plaintiff's Complaint, and

22  each cause of action set forth therein, or some of them, are barred because Plaintiff did not incur

23  any damages or losses, and any award of such alleged damages and/or losses would unjustly enrich

24  him.

25  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

26  As a separate and distinct affirmative defense, Defendant alleges that any failure of Plaintiff

27  to take meal periods or rest breaks was the result of his own exercise of discretion and independent

28  judgment.

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

4872-4161-4089.1 / 042176-1400

**EXHIBIT B**
**PAGE 45**

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges upon information and belief that a reasonable opportunity for investigation and discovery will reveal that any failure on Plaintiff's part to take meal or rest breaks and/or to comply with Defendant's work-time recording and other policies and requirements, was the result of failure by Plaintiff to follow Defendant's reasonable instructions.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges any meal and/or rest period claims are barred, in whole or in part, because Plaintiff was provided with and/or authorized to take all legally compliant meal and/or periods required by statute, Wage Order or administrative regulation.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that to the extent Plaintiff did not take meal periods and/or rest breaks, Plaintiff voluntarily chose not to do so and/or did so without permission or the actual or constructive knowledge of Defendant and/or failed to work the requisite number of hours to qualify for a meal period and/or rest break.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred because, even assuming *arguendo* that Plaintiff was entitled to meal periods and/or rest breaks, Plaintiff waived his right to some, or all, of the meal and rest breaks implicated in the Complaint by: (a) failing to take meal breaks that were provided as required by law; (b) choosing not take to rest breaks that were authorized and permitted; and/or (c) waiving the breaks pursuant to California Labor Code section 512(a), such that there was no violation of the law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff is not entitled to multiple recoveries or stacking of civil penalties for the same alleged violations.

/ / / /

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

4872-4161-4089.1 / 042176-1400

6

EXHIBIT B
PAGE 46

DEFENDANT'S ANSWER TO COMPLAINT

1

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

2    As a separate and distinct affirmative defense to the Complaint, Defendant alleges the

3  Complaint and each cause of action set forth are barred, in whole or in part, by the doctrines of res

4  judicata or collateral estoppel.

5

### TWENTY-NINTH AFFIRMATIVE DEFENSE

6    As a separate and distinct affirmative defense, Defendant alleges that any claims for

7  penalties are barred, in whole or in part, because Plaintiff did not suffer a cognizable "injury" as

8  required by the applicable California Labor Code sections and any other applicable laws.

9

### THIRTIETH AFFIRMATIVE DEFENSE

10    As a separate and distinct affirmative defense, Defendant alleges that any claims for

11  penalties pursuant to Labor Code section 226 are barred, in whole or in part, because any alleged

12  failure to comply with California Labor Code § 226(a) was not a "knowing and intentional failure"

13  under California Labor Code § 226(e) or any other applicable law.

14

### THIRTY-FIRST AFFIRMATIVE DEFENSE

15    As a separate and distinct affirmative defense, Defendant alleges that any underlying claims

16  for penalties pursuant to Labor Code section 226 are barred, in whole or in part, because Plaintiff's

17  wage statements accurately reported the hours and rates in effect at the time they were issued, and

18  thus, Plaintiff's wage statement claim fails under *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App.

19  5th 1308 (2018).

20

### THIRTY-SECOND AFFIRMATIVE DEFENSE

21    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are

22  barred, in whole or in part, because Defendant substantially complied in good faith with all

23  applicable laws, statutes, regulations, and other legal requirements.

24

### THIRTY-THIRD AFFIRMATIVE DEFENSE

25    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

26  maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling Defendant to

27  recovery of its reasonable attorneys' fees and costs.

28  / / / /

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4872-4161-4089.1 / 042176-1400

**EXHIBIT B**
**PAGE 47**

7

1

### ADDITIONAL AFFIRMATIVE DEFENSES

2   As a separate and distinct affirmative defense, Defendant state that it does not presently

3   know all facts concerning the conduct of Plaintiff and his claims sufficient to state all affirmative

4   defenses at this time.  Defendant will seek leave of this Court to amend this Answer should it later

5   discover facts demonstrating the existence of additional affirmative defenses.

6

### PRAYER FOR RELIEF

7   WHEREFORE, Defendant prays for judgment as follows:

8   1.   That the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and

9   award Plaintiff nothing by way of his Complaint;

10   2.   That judgment be entered in favor of Defendant and against Plaintiff on all causes

11   of action in the Complaint;

12   3.   That Defendant be awarded the costs of suit incurred herein to the extent permitted

13   under applicable law;

14   4.   That Defendant be awarded its attorney's fees; and

15   5.   That Defendant be awarded such other and further relief as the Court may deem

16   appropriate and proper.

17   Dated:  January 13, 2022                                    LITTLER MENDELSON, P.C.

18

19

20   _____
David J. Dow
Kara Adelle Ritter Cole

21

22   Attorneys for Defendant
FMC TECHNOLOGIES SURFACE
INTEGRATED SERVICES, INC.

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

4872-4161-4089.1 / 042176-1400

8

EXHIBIT B
PAGE 48

DEFENDANT'S ANSWER TO COMPLAINT

POS-050/EFS-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO.: 179407; 306515 | FOR COURT USE ONLY |
|---|---|
| NAME: DAVID J. DOW; KARA ADELLE RITTER COLE<br>FIRM NAME: LITTLER MENDELSON, P.C.<br>STREET ADDRESS: 501 W. Broadway, Suite 900<br>CITY: San Diego STATE: CA ZIP CODE: 92101<br>TELEPHONE NO.: (619) 232-0441 FAX NO.: (619) 232-4302<br>E-MAIL ADDRESS: ddow@littler.com; kcole@littler.com<br>ATTORNEY FOR (name): FMC Technologies Surface Integrated Services, Inc. | **ELECTRONICALLY FILED**<br>1/13/2022 11:16 AM<br>Kern County Superior Court<br>By Vanesa Jackson, Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN | |
|---|---|
| STREET ADDRESS: 1415 Truxton Avenue<br>MAILING ADDRESS: 1415 Truxton Avenue<br>CITY AND ZIP CODE: Bakersfield, CA 93301<br>BRANCH NAME: Bakersfield Court | |
| PLAINTIFF/PETITIONER: CHRISTIAN GARZA<br><br>DEFENDANT/RESPONDENT: FMC TECHNOLIGIES SURFACE INTEGRATED SERVICES, INC. | CASE NUMBER:<br>BCV-21-102682 |
| | JUDICIAL OFFICER:<br>J. Eric Bradshaw |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT:<br>J |

1. I am at least 18 years old.

   a. My residence or business address is *(specify):*
501 W. Broadway, Suite 900, San Diego, CA 92101-3577

   b. My electronic service address is *(specify):*
rdyer@littler.com

2. I electronically served the following documents *(exact titles):*

   ☒ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:
   a. Name of person served:

      On behalf of *(name or names of parties represented, if person served is an attorney):*

   b. Electronic service address of person served *:*

   c. On *(date):* January 13, 2022

      ☒ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
      *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: January 13, 2022

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Rosa Dyer
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
www.courts.ca.gov

**EXHIBIT B**
**PAGE 49**

American LegalNet, Inc.
www.FormsWorkFlow.com

POS-050(D)/EFS-050(D)

| CASE NAME:<br>Christian Garza v. FMC Technologies Surface Integrated Services, Inc. | CASE NUMBER:<br>BCV-21-102682 |
| --- | --- |

## ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (DOCUMENTS SERVED)

*(This attachment is for use with form POS-050/EFS-050.)*

**The documents that were served are as follows** *(describe each document specifically):*

DEFENDANT'S ANSWER TO COMPLAINT

Form Approved for Optional Use
Judicial Council of California
POS-050(D)/EFS-050(D)
[New January 1, 2010]

**ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (DOCUMENTS SERVED)**
**(Proof of Service/Electronic Filing and Service)**

Page 2 of 3

EXHIBIT B
PAGE 50



American LegalNet, Inc.
www.FormsWorkFlow.com

**POS-050(P)/EFS-050(P)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Christian Garza v. FMC Technologies Surface Integrated Services, Inc. | BCV-21-102682 |

# ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (PERSONS SERVED)
*(This attachment is for use with form POS-050/EFS-050.)*
**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| **Name of Person Served**<br>*(If the person served is an attorney, the party or parties represented should also be stated.)* | **Electronic Service Address** | **Date of Electronic Service** |
|---|---|---|
| Karl Gerber, Esq.<br>Employment Lawyers Group<br>13418 Ventura Boulevard<br>Sherman Oaks, CA  91423<br>Phone:    (818) 783-7300<br>Fax:        (818) 995-7159<br><u>Attorneys for Plaintiff</u><br>Christian Garza | kgerber@emplaw.net | Date: <u>January 13, 2022</u> |
| | | Date: _____ |
| | | Date: _____ |
| | | Date: _____ |
| | | Date: _____ |
| | | Date: _____ |
| | | Date: _____ |
| | | Date: _____ |
| | | Date: _____ |
| | | Date: _____ |
| | | Date: _____ |

Form Approved for Optional Use
Judicial Council of California
POS-050(P)/EFS-050(P)
[Rev. February 1, 2017]



**ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (PERSONS SERVED)**
**(Proof of Service/Electronic Filing and Service)**

Page 2 of 3

**EXHIBIT B**
**PAGE 51**


American LegalNet, Inc.
www.FormsWorkFlow.com

# EXHIBIT C

EXHIBIT C
PAGE 52

1  David J. Dow, Bar No. 179407
   ddow@littler.com
2  Kara Adelle Ritter Cole, Bar No. 306515
   kcole@littler.com
3  LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
4  San Diego, CA  92101.3577
   Telephone:    619.232.0441
5  Facsimile:    619.232.4302

6  Attorneys for Defendant
   FMC TECHNOLOGIES SURFACE INTEGRATED
7  SERVICES, INC.

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          COUNTY OF KERN

11  CHRISTIAN GARZA,                    |  Case No. BCV-21-102682
                                        |
12             Plaintiff,               |  ASSIGNED FOR ALL PURPOSES TO
                                        |  JUDGE J. ERIC BRADSHAW, DIV. J
13      v.                              |
                                        |  **NOTICE TO STATE COURT AND ALL**
14  FMC TECHNOLOGIES SURFACE            |  **ADVERSE PARTIES OF REMOVAL**
    INTEGRATED SERVICES, INC.; DOES 1   |  **OF CIVIL ACTION**
15  through 100 inclusive,              |
                                        |  Trial Date:  None Set
16             Defendants.              |  Complaint Filed:  November 9, 2021

17

18  TO THE CLERK OF THE COURT, PLAINTIFF CHRISTIAN GARZA AND HIS COUNSEL

19  OF RECORD:

20         PLEASE TAKE NOTICE that on January 13, 2022, Defendant FMC TECHNOLOGIES

21  SURFACE INTEGRATED SERVICES, INC. filed in the United Stated District Court for the

22  Eastern District of California, the Notice of Removal (without exhibits) attached hereto as Exhibit

23  "A," thereby effecting the removal of this case to that Court, pursuant to 28 U.S.C. sections 1332(a),

24  1441(b) and 1446.

25         PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. section 1446, the filing

26  of the Notice of Removal in the United States District Court, together with the filing of this Notice

27  to State Court of Removal of Civil Action to Federal Court in this Court, effects the removal of this

28  / / / /

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

4864-5675-5209.1 / 042176-1400

**EXHIBIT C**
**PAGE 53**

NOTICE TO STATE COURT AND ALL ADVERSE PARTIES OF REMOVAL OF CIVIL ACTION

1   action and this Court shall proceed no further unless and until the case is remanded.  *See* 28 U.S.C.

2   § 1446(d).

3   Dated:  January 13, 2022                              LITTLER MENDELSON, P.C.

4

5

6                                                          David J. Dow
                                                           Kara Adelle Ritter Cole
7
                                                           Attorneys for Defendant
8                                                          FMC TECHNOLOGIES SURFACE
                                                           INTEGRATED SERVICES, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

4864-5675-5209.1 / 042176-1400

**EXHIBIT C
PAGE 54**

NOTICE TO STATE COURT AND ALL ADVERSE PARTIES OF REMOVAL OF CIVIL ACTION